**VOLK et al. v. LOEW'S INC.**
Civ. No. 3385.

United States District Court,
D. Minnesota, Fourth Division.
Sept. 26, 1950.

Benedict Deinard, of Minneapolis, Minn. (Leonard, Street and Deinard, of Minneapolis, Minn., of counsel), for plaintiffs.

David Shearer, of Minneapolis, Minn. (Shearer, Byard, Trogner & Peters, of Minneapolis, Minn., of counsel), for defendant.

NORDBYE, Chief Judge.

Plaintiffs are the operators of a theater in Minneapolis known as the Nile. Defendant is one of the major motion picture distributors. This action is based upon an alleged violation of the Anti-trust Laws. The gist of the action is that plaintiffs contend that they are unable to compete on a fair and non-discriminatory basis with two other theatres, namely, the Edina Theatre, situated in the Village of Edina, and the St. Louis Park Theatre, situated in the City of St. Louis Park. Edina and St. Louis Park are contiguous to the City of Minneapolis. By reason of the license arrangements between the defendant and the Edina and St. Louis Park theatres, the alleged unlawful agreement in violation of the Anti-trust Laws is inferred.

The Edina and St. Louis Park theatres are accorded a thirty-five day availability for motion pictures distributed by the defendant in Minneapolis and environs after the so-called first run of such picture ends, and seven days after the so-called second run commences. Plaintiffs, however, are limited by the defendant in the pictures which the latter licenses to the Nile on a forty-two day availability after the first run ends, and fourteen days after the second run commences. It is the position of the plaintiffs on this motion that the Nile, Edina and St. Louis Park theatres are in the same relation to the first and second run theatres in Minneapolis; that their admission prices, character, location, patronage and policy of operation are substantially the same; that they are, however, not in substantial competition with each other, though they are in general competition. And as evidence of the reasonableness of their position, it is asserted that the other major motion picture distributors in this area have licensed their products to plaintiffs for the Nile on a thirty-five availability basis since January 1, 1950. Plaintiffs in this proceeding primarily rely upon the teachings of the so-called Paramount cases, United States v. Paramount Pictures, Inc., D.C., 66 F.Supp. 323, where the court recognized that a granting of a clearance by motion picture distributors when "not unduly extended as to area or duration, affords a fair protection to the interests of the licensee without unreasonably interfering with the interests of the public." 66 F.Supp. at page 341. Moreover, the expediting court in the Paramount cases specifically enjoined all defendants from granting any clearance between any theatres not in substantial competition, and from granting or enforcing any clearance against the theatres in substantial competition with the theatre receiving the license for exhibition in excess of what is reasonably necessary to protect the licensee in the run granted. The court further declared that, when a clearance provision is attacked, the burden should rest upon the distributor to sustain the legality thereof.

On this motion defendant counters with a showing to the effect that the present availability of pictures to the Nile as a

third-run theatre in Minneapolis has been in existence for some two years; that the Nile was offered a second-run availability but it did not accept the offer; that the defendant does not issue to any theatre in Minneapolis a thirty-five day availability of its pictures after the completion of the first run, or a fourteen day availability after the second run commences. It emphasizes that all so-called third-run motion picture theatres in Minneapolis are accorded the same availability of motion pictures distributed by it as is accorded to the Nile, and that the Edina Theatre and St. Louis Park Theatre are not located within the corporate limits of the City of Minneapolis. Furthermore, it is argued that if plaintiffs were now given a preference availability over other Minneapolis third-run motion picture houses, such an arrangement would change and disrupt the entire system of availability of motion pictures which has been adopted by the defendant for third-run picture houses in this City and which has remained undisturbed for some two years. Defendant urges that plaintiffs are in effect seeking a mandatory temporary injunction which, if granted, would accord to them all of the equitable relief they could obtain after a complete hearing on the merits. And finally, defendant contends that plaintiffs have not shown there is any violation of the Sherman Anti-trust Laws, 15 U.S.C.A. §§ 1–7, 15 note, in the plan that it has adopted in the licensing of pictures in Minneapolis and contiguous areas, and that plaintiffs have failed to show the requisite of irreparable damages if relief is not granted to them on this motion.

Plaintiffs earnestly urge that defendant will be unable to sustain any reasonable grounds for distinction in the licensing of pictures to the Nile on a forty-two day availability after the first run is completed as compared to a thirty-five day availability to the Edina and St. Louis Park theatres, and assert that, while the Edina Theatre is 5.9 miles from the Nile and the St. Louis Park Theatre is about 6 miles away, no distinction can be sustained merely because these suburban theatres are situated outside the corporate limits of the City

of Minneapolis. But that question should not be determined on affidavits on a hearing for a mandatory temporary injunction. Whether the theatres are in substantial or general competition with the Nile may embrace a consideration of many factors and circumstances peculiar to the motion picture industry in this area. And in this connection it may be pointed out that the defendant does not have a so-called thirty-five day availability for any theatre in Minneapolis. The subsequent second and third runs of its pictures in Minneapolis are on a twenty-eight and forty-two day availability basis. In urging that it is wholly unreasonable for defendant in licensing its pictures to draw any arbitrary line between the corporate limits of Minneapolis and the theatres lying just outside the corporate limits thereof and which are in general competition with the Nile, plaintiffs refer to current moving picture theatre advertisements in the local papers. They point out that, in these advertisements, the Edina and St. Louis Park motion picture showings are listed with the Minneapolis theatre showings. But, admittedly, theatre advertisements in the Minneapolis papers contain many announcements of outlying theatres in adjacent cities and villages and even in rural areas, some of which may be in substantial competition with certain theatres in this city; others listed merely in general competition, while as between others there may exist no competition whatsoever.

The issues here are novel and peculiar to the motion picture theatre industry. Questions of motion picture distribution and policies which have existed for some two years should not be disrupted by a mandatory temporary injunction in absence of a full and complete showing. To conclude that defendant's arrangement with the Edina and St. Louis Park theatres constitutes a violation of the Anti-trust Laws, and to alter, rather than retain, the status quo would seem to be, on this showing, at least, an unwarranted exercise of the Court's equitable powers. True, it is not denied that other distributors since January 1, 1950, have granted to the Nile the so-called thirty-five day availability, but

the establishment of their distribution policies in view of their own particular situation and the theatres to which their licenses are granted, may not be any persuasive evidence that the defendant is violating the Anti-trust Laws by reason of the distribution policies to which it adheres.

The parties are at issue. The showing as to irreparable damage by reason of any delay in obtaining relief herein does not appear too clearly. The September 1950 term is about to commence, and a reasonably early trial on the merits can be accorded to plaintiffs.

After due consideration, I am constrained to find that, in view of the premises, the motion for a temporary injunction should be denied. It is so ordered. The foregoing may be considered as my findings of fact and conclusions of law in conformance with Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

An exception is reserved.